UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN JONATHAN PARENT,

          Plaintiff,

   v.

ISLAND COUNTY SUPERIOR COURT, et al.,

          Defendants.

CASE NO. 2:22-CV-266-JHC-DWC

REPORT AND RECOMMENDATION

Noting Date: May 13, 2022

    The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Bryan Johnathan Parent, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court recommends the Amended Complaint be dismissed and this case be closed.

**I.    Background**

    In the Amended Complaint, Plaintiff, an inmate housed at the Island County Correctional Facility, alleges claims against the Island County Superior Court, Island County Deputy

REPORT AND RECOMMENDATION - 1

Prosecutor Ian E. Slutvette, Island County Superior Court Clerk Debra Van Pelt, Island County Superior Court Judge Alan R. Hancock, and Island County Deputy Sheriffs Trevor Wolfe and Shawn Engert. Dkt. 8. Plaintiff alleges that, during his state criminal trial, Defendant Hancock allowed the State to manufacture evidence against him. *Id*. He states Defendant Hancock put Defendant Van Pelt on the stand to testify to a bail bond that was not issued and allow officers to present documents in violation of his Sixth Amendment rights to a fair trial. *Id*. at 4-5. Plaintiff also alleges that, in January of 2019, Defendants Wolfe and Engert violated Plaintiff's Fourth Amendment rights by conducting an illegal search of Plaintiff's automobile. *Id*. at 6.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

A. <u>Sixth Amendment Claim</u>

Plaintiff has filed several lawsuits against Island County Superior Court, Island County Deputy Prosecutor Ian E. Slutvette, Island County Superior Court Clerk Debra Van Pelt, and Island County Superior Court Judge Alan R. Hancock. *See* Case No. 2:19-CV-575-TSZ; Case No. 2:21-CV-278-JCC; Case No. 2:21-CV-550-RSL. In *Parent v. Island County Superior Court, et al.*, Case No. 2:21-CV-278-JCC (*Parent I*), Plaintiff alleged that Defendant Hancock and Defendant Slutvette knowingly allowed Defendant Van Pelt to falsely testify during Plaintiff's criminal trial regarding a bail bond that was not issued. *See* 2:21-CV-278-JCC at Dkt. 8. Plaintiff also alleged that the State did not have enough evidence to send to the crime lab for drug testing and the defendants knowingly allowed a perjured case to proceed. *Id*. The Court determined Plaintiff's claims were barred by *Heck v. Humprey*, 512 U.S. 477 (1994) and Island County Superior Court, Island County Deputy Prosecutor Ian E. Slutvette, Island County Superior Court

Clerk Debra Van Pelt, and Island County Superior Court Judge Alan R. Hancock were immune from litigation. *Id*. The Court dismissed *Parent I* with prejudice.

Here, like *Parent I*, Plaintiff alleges the same Defendants violated his Sixth Amendment right to a fair trial when Defendant Hancock allowed Defendant Van Pelt to testify during Plaintiff's criminal trial regarding a bail bond that was never issued. *See* Dkt. 8. He also alleged Defendant Slutvette did not have enough evidence to convict and Defendant Hancock allowed the case to proceed on perjured evidence. *Id*.

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative *in forma pauperis* complaint may be considered abusive and dismissed under 28 U.S.C. § 1915). Further, "[f]ederal law dictates that a dismissal with prejudice bars a later suit[.]" *ASM Am., Inc. v. Aceco Semiconductor, Inc.*, 2006 WL 8459022, at *2 (D. Or. Jan. 17, 2006). Here, Plaintiff's claims against Island County Superior Court, Island County Deputy Prosecutor Ian E. Slutvette, Island County Superior Court Clerk Debra Van Pelt, and Island County Superior Court Judge Alan R. Hancock are duplicative and were previously dismissed with prejudice. Therefore, the Court finds Plaintiff's Sixth Amendment claim should be dismissed.

B. <u>Fourth Amendment Claim</u>

Plaintiff also alleges Defendants Wolfe and Engert violated Plaintiff's Fourth Amendment rights by conducting an illegal search and seizure. Dkt. 5 at 6. Plaintiff states he was parked in his car on the side of the road when Defendants Wolfe and Engert started looking in

Plaintiff's windows with a flashlight. *Id*. Plaintiff contends Defendants Wolfe and Engert asked to see a pill bottle and used that as probable cause to search Plaintiff's vehicle. *Id*.

"Unreasonable searches and seizures" are prohibited under the Fourth Amendment. However, an action under § 1983 seeking damages for an alleged illegal search and seizure of evidence upon which criminal charges are based is barred until the criminal charges have been dismissed or the conviction has been overturned. *Harvey v. Waldron,* 210 F.3d 1008, 1015–16 (9th Cir. 2000); *Heck v. Humphrey,* 512 U.S. 477 (1994). Here, Plaintiff has not provided sufficient allegations for the Court to conclude Plaintiff has stated a claim upon which relief can be granted. For example, Plaintiff does not provide information regarding if his vehicle was searched or the facts surrounding the alleged search. He also does not adequately link the conduct of Defendants Wolfe or Engert to a constitutional violation. Moreover, Plaintiff is currently in custody and states he is a pretrial detainee. It is unclear if the alleged unlawful search and seizure is related to his current incarceration. It is also not clear if the alleged unlawful search and search resulted in an arrest and conviction which has been overturned. For these reasons, the Amended Complaint fails to allege facts sufficient to state a Fourth Amendment claim. Therefore, the Court finds Plaintiff's Fourth Amendment claim should be dismissed.

### III.    Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable under § 1983. The Court provided Plaintiff with notice of the deficiencies in his claims. *See* Dkt. 6. As Plaintiff has been given leave to amend and has been instructed regarding the deficiencies of all

his claims, the Court recommends Plaintiff not be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## IV.  Conclusion

For the above stated reasons, the undersigned recommends Plaintiff's Amended Complaint be dismissed as duplicative and for failure to state a claim and that Plaintiff not be given leave to amend. The Court also recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 13, 2022, as noted in the caption.

Dated this 28th day of April, 2022.

David W. Christel
United States Magistrate Judge